UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. O'NEIL,                                    Case No. 08-13637

                Plaintiff,                      DISTRICT JUDGE
                                                      ARTHUR J. TARNOW
v.
                                                      MAGISTRATE JUDGE
COMMISSIONER OF SOCIAL                                STEVEN D. PEPE
SECURITY,

                Defendant.
_____/

## ORDER

## ADOPTING THE REPORT AND RECOMMENDATION [17];

## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16];

## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9];

**and**

## DISMISSING THE CASE

On August 21, 2008, Thomas O'Neil ("Plaintiff") filed suit seeking judicial review of a final decision by which the Commissioner of Social Security ("Defendant") disallowed Plaintiff's claims for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Social Security Income under Title XVI of the Social Security Act. Plaintiff alleged disability due to diabetes, post traumatic stress disorder, and heart problems related to job stress. Plaintiff's alleged onset date was October 31, 2003, revised from a previously alleged date of August 14, 1998. *See* Tr. at 12.

Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of social security benefits [are] assigned both to a district judge and a magistrate judge." On July 24, 2009, the Magistrate issued a Report and Recommendation ("R&R") [17] recommending that the Court deny

Plaintiff's Motion for Summary Judgment [9] and grant Defendant's Motion for Summary Judgment [16]. On July 30, 2009, Plaintiff timely filed Objections [18] to the Report and Recommendation. Defendant filed a Response [21] to Plaintiff's Objections.

Those filings are now before the Court.

## I. **STANDARD OF REVIEW**

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Here, Plaintiff has filed Objections, and the assignments of error are considered below.

## II. PLAINTIFF'S OBJECTIONS

### I. *ALJ's Finding That Plaintiff's RFC Allows Work at a "Medium" Exertional Level*

First, Plaintiff objects to the determination that, although Plaintiff is unable to perform his past work, he retains the residual functional capacity ("RFC") to perform "a wide range of work at the medium exertional level with some limitations that do not significantly reduce his occupational base." *See* Tr. [7] at 13.

In the Report and Recommendation [17], the Magistrate summarizes the ALJ's finding that Plaintiff retains an RFC allowing him to perform work at a medium exertional level.[1] *See* R&R at 13-14.

In Plaintiff's Objections [18], Plaintiff notes that he argued in his Motion for Summary Judgment [9] that "the record did not support a medium work RFC," and urges the Court to adjust Plaintiff's RFC classification to deem him capable of performing work only at a light exertional level. *See* Pl.'s Obj. at 2, 3; *see also* Pl.'s Mot. S.J. [9] at 10-12.

In Response [21], Defendant observes that Plaintiff's objection as to the RFC determination amounts to a criticism of the Magistrate Judge simply for noting that the ALJ found an RFC for medium work. *See* Def.'s Resp. at 1.

The Court reviews *de novo* Plaintiff's assignment of error regarding the ALJ's determination of Plaintiff's exertional RFC. *See* 28 U.S.C. § 636(b)(1). Plaintiff's own Motion for Summary Judgment [9], cited in Plaintiff's Objections [18], identifies some evidence upon which the ALJ could have relied in making Plaintiff's RFC determination. *See* Pl.'s Mot. S.J. at 11 ("The record contains a Physical Residual Functional Capacity Assessment completed on 3/8/04" (citing Tr. at 151-52)). Indeed, Plaintiff's motion identifies a Physical Residual Functional Capacity Assessment

---

[1] In an apparent typographical error, the Report and Recommendation refers in one instance to Plaintiff's ability to perform work at the "light" – rather than at the "medium" – exertional level. *See* R&R at 13. In another typographical error, the Report and Recommendation states that the ALJ applied Medical Vocational Guideline 202.13 to support his conclusion that Plaintiff was not disabled. *See* R&R at 13-14. It is clear from the ALJ's opinion that, rather, he applied Rule 203.15. *See* Tr. at 20. To the extent that Plaintiff criticizes the Magistrate's incorrect citation of the Medical Vocational Guidelines, the Court dismisses the objection as irrelevant. *See* Pl.'s Obj. at 3 ("the Grid Rule cited in the R&R is wrong").

that indicates Plaintiff's exertional capabilities qualify him for "medium" work under the criteria of the Social Security regulations. *See* Tr. at 151-52; 20 C.F.R. § 404.1567©. Plaintiff's summary judgment motion also states that a "Functional Capacity Evaluation was conducted by the Northern Michigan Sports Medicine Center on 1/17/06. It is submitted that the test results do not allow for the performance of medium work activity." *See* Pl.'s Mot. S.J. at 11 (citing Tr. at 279-81). However, the content of the Sports Medicine Center evaluation neither applies nor aligns with the factors that must be imposed under the Social Security regulations, and Plaintiff has offered no specific argument or evidence that would support a finding that a "light work" RFC is warranted under the regulations' criteria.

Upon review, the Court finds that the ALJ's factual findings as to Plaintiff's RFC were supported by substantial evidence and, and that the proper legal standards were applied. *See Key*, 109 F.3d at 273. Therefore, under the controlling standard of review, the Court **DENIES** Plaintiff's Objection on the issue of his exertional RFC, and **ADOPTS** the Report and Recommendation on that point.

### II. *ALJ's Evaluation of Plaintiff's Credibility*

Second,[2] Plaintiff objects that the Report and Recommendation misstates the time frame during which Plaintiff had been working towards an M.B.A. degree. Pl.'s Obj. at 4.

Specifically, the Magistrate wrote that "[t]he consideration of [Plaintiff's job as a motel clerk] was but one of many examples the ALJ cited to in assessing Plaintiff's credibility." R&R at 18 (citing Tr. at 18). The Magistrate then summarized other such "examples," including Plaintiff's pursuit of an M.B.A. degree. *See id.* at 18-19.

In Response [21], Defendant argues that:

> to the extent that [the misstated time frame] is error, it is the Magistrate Judge's and not the ALJ's and does not necessitate remand. The ALJ listed a number of reasons for discounting Plaintiff's credibility and the possibility that the Magistrate Judge erred concerning the time frame of Plaintiff's education should not detract from the ALJ's credibility finding.

---

[2] Before Plaintiff's second identifiable objection, a short section of Plaintiff's Objections appears to criticize the page citations provided in the Report and Recommendation. To the extent that Plaintiff offers an objection based on page numbering, the Court dismisses the objection as irrelevant. *See* Pl.'s Obj. at 3-4.

Def.'s Resp. at 2.

The Court reviews *de novo* Plaintiff's assignment of error regarding the role of Plaintiff's education in the ALJ's credibility determination. *See* 28 U.S.C. § 636(b)(1). The ALJ's opinion offered a thorough discussion of Plaintiff's subjective testimony. *See* Tr. at 17-18. It also provided a number of reasons for the ALJ's decision to "extend minimal weight to [the] claimant's testimony due to the inconsistencies and omissions in the evidentiary record." *Id.* at 18 (naming Plaintiff's "fail[ure] to mention [the motel clerk] job to the functional capacity evaluator, a "degree of symptom magnification," and evidence that Plaintiff "exert[ed] submaximal effort during testing"). Nowhere did the ALJ indicate that he relied on Plaintiff's pursuit of an M.B.A. to discredit Plaintiff's other testimony. *See id.*

Upon review, the Court finds that the ALJ's factual findings as to Plaintiff's credibility were supported by substantial evidence and, and that the proper legal standards were applied. *See Key*, 109 F.3d at 273. Therefore, under the controlling standard of review, the Court **DENIES** Plaintiff's Objection on the issue of the M.B.A. degree and Plaintiff's credibility, and **ADOPTS** the Report and Recommendation on that point.

### III. *ALJ's Evaluation of Treatment Providers' Opinions*

Finally, Plaintiff objects that "the evaluation of Dr. Tava [the consultative psychologist] and the assessments of the claimant's Social Worker, Mr. Cenci[,] support the assessments and opinions that were not included in the hypothetical questions posed to the [vocational expert]." Pl.'s Obj. at 6.

In the Report and Recommendation [17], the Magistrate summarizes the ALJ's findings regarding the opinions of Plaintiff's treatment providers. *See* R&R at 13, 19, 21-25. The Magistrate notes that "[t]he ALJ gave controlling weight to Dr. Rajasekhar and the narrative reports provided by the [Veterans' Administration clinical] social worker, Mr. Cenci, because of their consistency, as well as Dr. Tava's assessments." *Id.* at 13; *see also* Tr. at 19. The Report and Recommendation also recites the ALJ's finding that:

> some of Mr. Cenci's responses on the Medical Source Statement submitted by counsel are inconsistent with his own narrative record. Specifically, his narrative report fails to reflect that claimant would be absent more than three times per month due to impairments or treatment. [Rather], claimant's low-grade depression, stability upon meditation and medication, and varied activities of daily living suggest the

contrary.

*See* Tr. at 19 (citations omitted); R&R at 23.

Plaintiff's Objection [18] presents selected treatment notes from both Dr. Tava and Dr. Cenci from which could be drawn an inference that Plaintiff suffered from significant mental or psychological problems. *See* Pl.'s Obj. at 5-10. Without reference to the Report and Recommendation or to the ALJ's opinion, Plaintiff appears to suggest that it is these more negative treatment notes that should have formed the basis for the hypothetical questions posed to the vocational expert during Plaintiff's hearing. *See id.*

Defendant's Response [21] does not directly address this issue.

The Court reviews *de novo* Plaintiff's assignment of error regarding the ALJ's reliance on the opinions of Dr. Tava and Dr. Cenci. *See* 28 U.S.C. § 636(b)(1). The ALJ's opinion listed a variety of treatment records to support the conclusion that Plaintiff's psychological and mental abilities excluded him from certain disability ratings under the Social Security regulations. *See* Tr. at 16.[3] Nevertheless, the ALJ ultimately did apply certain limitations in his determination of Plaintiff's RFC, concluding that Plaintiff was constrained to perform "simple, routine jobs with only occasional interaction with the general public, co-workers and supervisors." *See* Tr. at 20.

The Court may determine only whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied, and must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Key*, 109 F.3d at 273; *Buxton*, 246 F.3d at 772. Here, acknowledging that Plaintiff has identified some treatment notes that could support a contrary conclusion, the Court nevertheless finds that the ALJ's evaluation of the opinions of Dr. Tava and Dr. Cenci was supported by substantial evidence.

---

[3] Specifically, the ALJ recounted that: Plaintiff "could function with the public [and had] no more than moderate limitation in social adequacy"; "he reported to Dr. Tava that he tends to get along reasonably well with people in general"; Mr. Cenci "feels that [Plaintiff] has a 'good' ability to understand and remember short and simple job directives"; Mr. Cenci "also feels that [Plaintiff] would be able to sustain an ordinary routine without supervision, maintain regular attendance, and carry out short and simple directives"; "Mr. Cenci's narrative office records sho[w] a 'stable' condition," and; Dr. Tava's mental-status testing [shows] good orientation and no memory deficits." *See* Tr. at 16 (record citations omitted).

Therefore, under the controlling standard of review, the Court **DENIES** Plaintiff's Objection on the issue of the ALJ's evaluation of the treatment providers' opinions, and **ADOPTS** the Report and Recommendation on that point.

### III. CONCLUSION

In summary, the Court having reviewed the administrative record, the Magistrate's Report and Recommendation, and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [17] of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's Objections [18] thereto are **DENIED**.

Accordingly, Defendant's Motion for Summary Judgment [16] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

The case is hereby **DISMISSED**.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager